805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ross P. WEBSTER, Plaintiff-Appellant,
v.
Martha Layne COLLINS, Doyle Shackelford, George Wilson, Glen
Haberlen, George Million, Edward Quigley, and
Jeannetta Lee, Defendants-Appellees.
 No. 86-5591.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1986.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 This matter is before the Court for consideration of this pro se appellant's motion for a preliminary injunction and a motion to rescue in his appeal of the dismissal of his prisoner's civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant is currently an inmate at the Northpoint Training Center in Burgin, Kentucky. On August 30, 1985, he filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Western District of Kentucky in which he alleged that his transfer to that institution from the Kentucky State Reformatory in LaGrange, Kentucky constituted a violation of his civil rights. Specifically, appellant maintained that his transfer had been effected by means of a conspiracy among the various appellees who wished to harass and punish him on account of his activities to improve the quality of life at the reformatory. As living conditions at Northpoint Training Center were in his estimation considerably less desirable than those at the Kentucky State Reformatory, appellant objected to his selection for transfer to the latter institution.
 
 
 4
 The specific conditions existing at Northpoint upon which his dissatisfaction was based included the unavailability of an acceptable work assignment or vocational training and the refusal of prison officials to allow him to keep his own typewriter or to provide free postage for the preparation and mailing of materials to be filed in various legal actions. The district court, however, determined that neither appellant's general unhappiness with his transfer nor his specific complaints regarding conditions at Northpoint were sufficient to support an action pursuant to 42 U.S.C. Sec. 1983 and by order entered May 6, 1986, directed the dismissal of his complaint. Appellant subsequently filed a notice of appeal from that order on May 22, 1986.
 
 
 5
 Review of the various materials submitted by appellant both to this Court and the district court demonstrates that the principle ground upon upon which he based his complaint was his transfer against his will from the Kentucky State Reformatory to the Northpoint Training Center. Generally, however, state prison officials are afforded wide latitude in formulating inmate transfer decisions which may not give rise to a claim pursuant to 42 U.S.C. Sec. 1983 absent a policy by the state protecting a prisoner's interest in such matters. Meacham v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976). As Kentucky does not promote such a practice, see K.R.S. 196.070(5), the district court did not err in determining that appellant was not entitled to relief on this question.
 
 
 6
 Likewise, none of the specific examples of poor conditions which appellant alleges to be in existence at Northpoint Training Center is sufficient to give rise to liability pursuant to 42 U.S.C. Sec. 1983. Neither appellant's interest in the individual possession of a typewriter, an acceptable work assignment or vocational training, nor free postage for legal mailings is sufficiently strong in this case to warrant protection under that statute. See Twyman v. Crisp, 584 F.2d 352 (10th Cir.1982); Bryan v. Werner, 516 F.2d 233 (3d Cir.1975).
 
 
 7
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for a preliminary injunction and the motion to rescue be denied and the final order of the district court entered May 6, 1986, be affirmed.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation